For the reasons that follow, I must respectfully dissent as to the fifth assignment of error, for I do not believe the defendant received a fair trial in this matter. I express no opinion on the guilt or innocence of the defendant for that is the exclusive province of the jury. However, in order to fulfill their duty to society, a jury must, as a matter of law, be permitted to weigh all relevant evidence and then apply that evidence to all applicable law. In this case, that process did not happen.
The victim in this matter, the wife of a local police officer, was unequivocal in her testimony that she was accosted while departing a local store. According to her version of the facts, as she was walking to her car appellant approached her from behind and pushed his body against hers, trapping her between his body and her car. The victim claimed that the defendant then grabbed her buttock and made an obscene comment, at which time she screamed and told him to get away from her, which he did. According to the victim, the encounter then ended with the defendant entering his own vehicle and driving away.
The defendant, an elected official from a nearby community, had a different version of the facts. According to him, as he was approaching his car he came upon a woman who was entering a vehicle. Because there was another automobile parked by the woman's car, the defendant claims that he asked her if he could get by, to which he received no response. Upon asking a second time, according to the defendant, he received a sarcastic remark. At that time, the defendant claims to have squeezed between the door of the woman's car and the car next to it, when the woman exclaimed, "you can't touch my ass." Appellant testified that if anything happened, the car door might have touched the victim.
Thus, it is apparent that the two key witnesses have different versions of what happened that afternoon in that public parking lot. Significantly, the two versions have one element in common. Both versions agree that two grown men witnessed the encounter, overheard the comments, and approached the scene to inquire if everything was okay. And both versions agree that no one asked for any help. Therefore, the question of the use of force and the degree of fear the victim was placed in was carefully framed by the testimony that is not in controversy.
As the majority accurately states, the appellant reasonably could have been found guilty of unlawful restraint and acquitted on the charge of abduction. State v. Kidder (1987), 32 Ohio St.3d 279. The only significant difference in the two crimes is the use of force and placing the victim in fear. In order to be found guilty of the lesser charge, the jury only had to find that the defendant had no "privilege" to restrain the liberty of another. It is a statutory variation of the theme of offensive touching, or stated more succinctly, the statutory version of "keep your hands to yourself." The majority correctly finds that the trial court's refusal to permit the jury to weigh the differences between these two crimes was error.
However, the same analysis applies to the crimes of gross sexual imposition versus the lesser-included offense of sexual imposition. The only substantive difference between the two crimes is the use of force. Both crimes deal with sexual contact, not conduct. This is not a rape case. As stated earlier, it is a statutory variation of offensive touching. Appellant argues that "if" the victim was touched on her "buttocks" it was done by the car door accidentally. Without making any judgment of whether or not that happened, I would suggest as a matter of law that is precisely the question the jury was impaneled to answer. Was there force or fear involved? I do not know. Apparently the two witnesses were not convinced of that fact, for how else would one explain the silence when they asked if everything was "okay."
By definition a fair trial is when all relevant evidence is presented and then all relevant law is considered by a jury. That did not happen here. The defendant was denied a fair trial and that is wrong. This matter should be reversed and remanded for a new trial.